UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00102

| | |
|---|---|
| DECARLOS B. BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JENNIFER GRANT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff DeCarlos B. Barnes ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On April 18, 2023, he filed this action pursuant to 42 U.S.C. § 1983, based on events Plaintiff alleges occurred at Craggy Prison in Asheville, North Carolina. [Doc. 1]. Plaintiff names Lieutenant Jennifer Grant and Officers FNU Gosnell, FNU Hunter, FNU Kay, and FNU Payne as Defendants in this matter in their official capacities only. [Doc. 1 at 2-4].

Plaintiff alleges as follows. On March 19, 2022, at 5:30 p.m., an "unknown officer" was notified that gang members of the Aryan Brotherhood, including inmate Opie Jones and two others, were trying to break into Plaintiff's locker and Plaintiff had confronted them. All three brandished prison-made knives and told Plaintiff that "they're Aryan Brotherhood (A.B.)" and that Plaintiff is a "bitch ass nigger." Plaintiff walked away because they were armed. Plaintiff told

"the unknown staff member" was happened. He replied, "If you can't beat them then join them" and "not to bring your fucking prison problems to me." Jones and the other two inmates continued to rob inmates and the lockers. At 8:30 p.m., Plaintiff was in the bathroom when Jones and the other two inmates "caught" Plaintiff in there and immediately began to stab, stump, kick, and brutally attack Plaintiff, including stabbing Plaintiff in his left eye. Jones and the other two attackers were yelling "DIE NIGGER!!" and "BOUND FOR GLORY, NIGGER!!" as they stabbed him. During the attack, count time was called, and Jones ordered the other two to go to their bunks for count and stated they would finish the situation later. They left Plaintiff bloodied in the bathroom. "[T]he unknown officer" came to the bathroom for count and witnessed Plaintiff was slouched over the bathroom sink bleeding form his left eye. The officer glanced at Plaintiff as he pleaded for help. The officer replied, "Not during count." [Doc. 1 at 5-6]. Plaintiff remained in the bathroom during count. Fifteen minutes later, staff came to assist Plaintiff in the bathroom. Plaintiff told staff that Jones and his two accomplices were responsible, but the staff members shrugged it off as if they were afraid to confront Jones and his accomplices. Staff sent Plaintiff to the "control/operations building," where Plaintiff was nonchalantly questioned about the situation and his "medical emergency" was ignored. Plaintiff cursed Defendant Jennifer Grant out because "she was making jokes and wasn't in no type of distress to help [Plaintiff] get medical attention." Defendant Grant ordered an unknown staff member to handcuff Plaintiff so that Plaintiff could not stop his left eye from bleeding further. She stated, "Who's the bitch now?!" Plaintiff was placed in a small cage and left for approximately one hour before he was transported to the hospital. He was not admitted until 1:23 a.m. A doctor at the hospital reported that prison staff waited too long to seek medical attention for the Plaintiff, which resulted in complete loss of his left eye. [Id. at 7].

2

Case 1:23-cv-00102-FDW   Document 8   Filed 05/12/23   Page 2 of 8

Plaintiff claims that Defendants violated his Eighth Amendment rights through cruel and unusual punishment, failure to protect, and deliberate indifference after he sustained injuries and his right to equal protection under the Fourteenth Amendment. [Id. at 3]. For injuries, Plaintiff claims that he lost his left eyeball and is now blind and requires significant maintenance of his left eye socket. [Id. at 8]. He seeks monetary relief only, including punitive damages. [Id. at 8, 10-11].

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

3

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims his rights under the Eighth and Fourteenth Amendments were violated, but he sues Defendants in their official capacities only.

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment also fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state such a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the

4

inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff sues Defendants, who are state officials, in their official capacities only. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2

5

Case 1:23-cv-00102-FDW   Document 8   Filed 05/12/23   Page 5 of 8

(M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

Plaintiff's allegations do not implicate the Fourteenth Amendment's equal protection clause. To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Plaintiff has not done so here, even if he had sued Defendants in their individual capacities.

Moreover, Plaintiff also failed to allege personal participation by Defendants Gosnell, Hunter, Kay, and Payne. Plaintiff, therefore, failed to state a claim for relief against these Defendants in any event.

Finally, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). That is, Plaintiff largely alleges that "unknown officers" were responsible for the alleged

constitutional violations, but he fails to name any John or Jane Doe Defendants as Defendants in this matter. The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Court, therefore, finds that Plaintiff has failed to state a claim for relief against any Defendant. The Court, however, will allow Plaintiff to amend his Complaint to properly state a claim for relief against a proper defendant in the proper capacity.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to again amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a properly named defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the original Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with the terms of this Order, the Court will dismiss this action without prejudice and without further notice to the Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to again amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants in their official capacities are **DISMISSED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: May 12, 2023

*[Signature]*

Frank D. Whitney
United States District Judge