# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:23-cv-00102-FDW

| | |
|---|---|
| DECARLOS BERNARD BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PROTECTIVE ORDER** |
| ) | |
| JENNIFER GRANT, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on a Motion for Protective Order. [Doc. 39].

Defendant requests the Court to enter a protective order authorizing and governing the production of confidential documents, material, and information ("Confidential Information"). [Doc. 39]. Defendant relates that, "[d]uring the course of this litigation, [she] has obtained and will continue to obtain and disclose to Plaintiff or the Court, information in the possession custody, or control of the North Carolina Department of Adult Corrections ("NCDAC") that is Confidential Information by operation of federal and state law." [Id. at 1]. Because the pro se Plaintiff is incarcerated, defense counsel has not contacted him and is unaware of his position on this motion. [Id. at 2].

On review of Defendant's motion, the Court finds that such information may be deemed confidential under federal and state law, including but not limited to inmate records deemed confidential pursuant to N.C.G.S. §§ 148-74 and -76; other non-public information deemed confidential by N.C.G.S. 132-1.7; and information that is confidential under 42 CFR 2.1, *et seq.*, N.C.G.S. § 122C-52, and the federal Health Insurance Portability and Accountability Act.

Due to the confidential nature of information that will be produced in this matter, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation. The Court will, therefore, grant Defendant's request for a protective order.

The Motion [Doc. 39] is hereby **GRANTED**, and the Court enters the following order.

**IT IS HEREBY ORDERED THAT**:

1. <u>Scope of the Order</u>. This Order applies to all information produced by Defendant in response to Plaintiff's discovery requests and thereafter in the course of the prosecution or defense of this action, provided that the presiding judicial officer shall determine the procedure for presentation of Confidential Information at pre-trial hearings and trial.

2. <u>Use of Confidential Information</u>. All Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pretrial, trial, and post-trial proceedings in this action, and shall not be used or disclosed by any person for any other purpose.

3. <u>Disclosure</u>. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. <u>Confidential Information</u>. "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which are defined as follows:

   a. "General Confidential Information" means:

1) Any personnel files, as that term is defined in N.C.G.S. § 126-22(3), maintained by the NCDAC, excluding personal information as described in Paragraph 4(b)(1).

2) The medical and mental health records generated in the treatment or handling of Plaintiff during his incarceration within the NCDAC which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

3) Records generated in the housing and handling of the named Plaintiff during his incarceration within the NCDAC, including video recordings, which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

4) Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

5) Reports of, investigations into, and any findings regarding alleged incidents of sexual misconduct or use of force by Defendant against Plaintiff.

b. "Attorneys' Eyes Only Confidential Information" means:

1) Personal information about current or former employees of the NCDAC that is not related to the employee's job performance or duties, such as social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information.

2) The medical records of Defendant.

3) The personal financial records, telephone records, and e-mail records of Defendant.

4) Reports of, investigations into, and any findings regarding alleged incidents of sexual misconduct or use of force by current or former employees of the NCDAC, other than Defendant, against Plaintiff.

5) Reports of, investigations into, and any findings regarding alleged incidents of sexual misconduct or use of force by Defendant against current or former inmates in the custody of the NCDAC, other than Plaintiff.

6) The medical and mental health records generated in the treatment or handling of current or former inmates, other than Plaintiff, during their incarceration within the NCDAC which are deemed confidential by N.C.G.S. §§ 122C-52, 148-74, and -76.

7) Records generated in the housing and handling of current or former inmates, other than Plaintiff, during their incarceration within the NCDAC, including video recordings, which are deemed confidential by N.C.G.S. §§ 148-74 and -76. This designation is not intended to cover Plaintiff's records that mention other inmates, which would only be subject to the Confidential designation.

8) Highly sensitive security information as it relates to investigations, security designations, staffing patterns and logs, schematic or other drawings and diagrams, and other sensitive security information deemed confidential pursuant to N.C.G.S. § 132-1.7.

5. <u>Disclosure of General Confidential Information</u>. General Confidential Information shall not be disclosed to anyone except:

a. The court and its personnel;

4

b. The parties to this action;

c. Counsel for the parties to this action and employees of said counsel;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 8; and

e. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

6. <u>Disclosure of Attorneys' Eyes Only Confidential Information</u>. Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

a. The court and its personnel;

b. Counsel for the parties to this action and employees of said counsel;

c. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 8; and

d. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

7. <u>Withdrawal of Plaintiff's Counsel</u>.  In the event that counsel for Plaintiff withdraws from representation during the pendency of this litigation and Plaintiff proceeds *pro se*, any Attorneys' Eyes Only Confidential Information disclosed to counsel for Plaintiff may not thereafter be disclosed to Plaintiff and shall instead be returned to defense counsel.  The Court may

5

allow Plaintiff to view Attorneys' Eyes Only Confidential Information only upon a motion for good cause shown.

8.  <u>Confidentiality Agreements</u>.  Before Confidential Information is disclosed to any person described in Paragraphs 5(d), 6(c), or 7 of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A.  Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

9.  <u>Designation of Confidential Information</u>.  Information shall be designated as Confidential Information in the following manner:

  a.  In the case of information reduced to paper form, the designation shall be made:

  (1)  by placing the appropriate legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for General Confidential Information or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" for Attorneys' Eyes Only Confidential Information, on each page containing such information or;

  (2)  by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information disclosed by another party by a writing directed to the

producing party's counsel. The producing party's counsel shall then be responsible for labeling the designated information as provided herein.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information or Attorneys' Eyes Only Confidential Information:

(1) by informing counsel for the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or;

(2) by such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph 9(b) shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information or Attorneys' Eyes Only Confidential Information by either:

(1) identifying on the record at the deposition the information that is to be treated as Confidential Information or;

(2) marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed

during a deposition shall be treated as Attorneys' Eyes Only Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 9(a), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

    d.    Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on counsel for the other parties. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

10. <u>Disputes over Designations</u>. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The nonfiling by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

11. <u>Inadvertent Disclosure of Confidential Information</u>.  Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

12. <u>Filing of Confidential Information Under Seal</u>. When filing a document marked "Confidential Information" or "Attorneys' Eyes Only", the filing party must comply with Local Civil Rule 6.1.

13. <u>Authors/Recipients</u>. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

14. <u>Return of Confidential Information</u>.  Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph 14 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60-day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly-maintained litigation files held by the attorneys of record or former attorneys of record for each party as

archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1.

15. <u>Admissibility of Information</u>. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

16. <u>Confidential Employee Information</u>. Pursuant to N.C.G.S. § 126-24(4), this Order authorizes the disclosure of confidential portions of the personnel files maintained by the NCDAC of current or former employees in accordance with the terms of this Order.

17. <u>Disposition of Protected Materials</u>. Pursuant to the Court's Case Management Order, paragraph F, notwithstanding any other provisions in this Protective Order, the ultimate disposition of protected materials are subject to a final order of the Court on the completion of litigation.

18. <u>Modification</u>. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

**IT IS SO ORDERED.**

Signed: October 1, 2024

*/s/ Frank D. Whitney*
Frank D. Whitney
United States District Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I, _____, have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of *Barnes v. Grant*, Case No. 1:23-cv-00102-FDW, United States District Court for the Western District of North Carolina, and agree with the following:

1. To abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order.

2. To not make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation.

3. Upon written request, to return to counsel of record or to destroy no later than 60 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

4. To submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

This the ____ day of _____, 20____.

_____
PRINTED NAME

_____
SIGNATURE